J-S23035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID SANCHEZ | : | |
| | : | |
| Appellant | : | |
| | : | No. 1502 EDA 2015 |

Appeal from the Judgment of Sentence May 8, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0002232-2011

BEFORE: PANELLA, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED April 21, 2016**

Appellant, David Sanchez, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas after the court granted Appellant PCRA[1] relief, vacated its prior sentence based on 18 Pa.C.S. § 7508(a)(7)(ii), and resentenced him without reference to the mandatory minimum statute. Appellant claims that the trial court's new sentence of three and one-half to ten years' imprisonment for possession with intent to deliver a controlled substance[2] ("PWID") was excessive. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] The Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(30).

This Court adopts the facts set forth in the trial court opinion. *See* Trial Ct. Op., 7/30/12, at 2-4. On November 30, 2011, following a jury trial, Appellant was found guilty of PWID, possession of a controlled substance,[3] and criminal conspiracy to commit PWID.[4] On January 20, 2012, the trial court determined Section 7508 applied to the PWID conviction, based on the weight of the heroin involved, and sentenced Appellant to a mandatory five to ten years' incarceration on that count. Additionally, the court imposed a consecutive two to four years' incarceration for criminal conspiracy, resulting in an aggregate sentence of seven to fourteen years' imprisonment.[5]

This Court affirmed the conviction on May 7, 2013. *Commonwealth v. Sanchez*, 506 EDA 2012 (Pa. Super. May 7, 2013) (unpublished memorandum). Appellant did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

Appellant timely filed a *pro se* PCRA petition on July 25, 2013. The PCRA court appointed counsel, who filed an amended PCRA petition on September 17, 2014. In his amended petition, Appellant claimed that his sentence was unconstitutional under *Alleyne v. United States*, 133 S. Ct.

---

[3] 35 P.S. § 780-113(a)(16).

[4] 18 Pa.C.S. § 903.

[5] The trial court imposed no additional penalty for knowing and intentional possession of a controlled substance.

2151 (2013), because it was based on facts not submitted to the jury. Am. Pet., 9/17/14, ¶14-22. The Commonwealth did not file an answer to the amended petition.

The PCRA court granted relief, and on May 8, 2015, held a resentencing hearing.[6] The court vacated its prior PWID sentence and resentenced Appellant to three and one-half to ten years' imprisonment for PWID.[7]

On May 11, 2015, Appellant filed a post-sentence motion. The trial court denied his post-sentence motion on May 13, 2015. Appellant timely filed a notice of appeal and a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court filed a responsive opinion.

Appellant's sole claim challenges the discretionary aspects of the three and one-half to ten year sentence for PWID. Appellant's Brief at 4. He argues that the trial court imposed an excessive sentence contrary to fundamental norms. *Id.* at 15. Appellant contends that his sentence was

---

[6] We note that neither the court nor the parties had the benefit of this Court's July 7, 2015 decision in *Commonwealth v. Riggle*, 119 A.3d 1058 (Pa. Super. 2015), which held *Alleyne* does not apply retroactively for the purposes of post conviction collateral relief. However, the Commonwealth did not object to resentencing. Accordingly, we conclude that the Commonwealth acceded to a withdrawal of its notice of intent of seek a mandatory minimum sentence.

[7] The PCRA court did not amend its sentence of two to four years' imprisonment for criminal conspiracy, which resulted in an aggregate sentence of five and one-half to fourteen years' imprisonment.

aggravated in a manner reserved for "'hard core' offenders", and that impermissible weight was placed on his prior record and the circumstances surrounding the crime. *Id.* at 16. We disagree.

This Court has stated

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
>> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Lewis*, 45 A.3d 405, 410 (Pa. Super. 2012) (*en banc*) (some citations omitted). Further, "the Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated . . . . Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm . . . ." *Commonwealth v. Googins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*).

Instantly, Appellant preserved his issue in his post-sentence motion, timely appealed, and included a Pa.R.A.P. 2119(f) statement in his brief. *See Lewis*, 45 A.3d at 410; *Googins*, 748 A.2d at 727. Further, we conclude Appellant's Pa.R.A.P. 2119(f) statement raises a substantial

question that the trial court failed to consider mitigating factors when sentencing in the aggravated range of the Sentencing Guidelines. *See Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012).

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012) (citation omitted).

Section 9721(b) provides that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). The weighing of these factors is exclusively for the sentencing court. *Commonwealth v. Bricker*, 41 A.3d 872, 876 (Pa. Super. 2012).

Further,

> A sentencing court may consider any legal factor in determining that a sentence in the aggravated range should be imposed. In addition, the sentencing judge's statement of reasons on the record must reflect this consideration . . . .

***Commonwealth v. Bowen***, 975 A.2d 1120, 1122 (Pa. Super. 2009)

(citations and quotation marks omitted).

Instantly, the trial court explained its sentence as follows:

> The problem comes in . . . when you have four or five convictions of selling drugs and one for having a gun, which had I – when I read your presentence report all of that came to light. Not only that, but you had been arrested 13 times, seven convictions, seven commitments, four violation hearings, four revocation hearings. You incurred this under State and Federal supervision. Those facts were so egregious to me . . . that I gave you a very harsh sentence. It was five to ten on the possession with intent to deliver, the mandatory minimum at that time, as well as two to four to run consecutive on the conspiracy. I just couldn't find anything, quite frankly . . . that spoke to reasons to mitigate your sentence.
>
> You told the presentence evaluator that you did not feel you consistent drug abuse was a problem. You did not feel that it was a problem. You had no job skills, no education. Since the age of 19 you've been on a constant course of selling drugs and carrying a gun at least one time. So while I appreciate your letter very much, I've read it, and I appreciate that you seem to be doing better in custody, and you seem to have some insight now, but I am certainly concerned with how you conduct yourself once you're released.
>
> So, . . . your previous sentence is vacated. . . . So your previous sentence of two to four consecutive remains. On the possession with intent to deliver, three and a half to ten.

N.T. Recons. of Sentence Hr'g, 5/8/15, at 10-13.

Thus, the record shows that the trial court considered Appellant's mitigation evidence, weighed his rehabilitative needs, and articulated its reasons for imposing sentence. ***See Glass***, 50 A.3d at 727; ***Bricker***, 41

A.3d at 876; **Bowen**, 975 A.2d at 1122. Accordingly, Appellant's assertion that the trial court failed to consider mitigating circumstances fails. Further, our review of the record, namely, the nature and circumstances of the offense, the trial court's observations, and the findings that formed the basis of its sentence, reveals no basis to conclude the trial court abused its discretion or its sentence was excessive. **See Glass**, 50 A.3d at 727.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2016